# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JUAN PONT LEZICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:09-cv-912** |
| | ) | |
| **CUMULUS MEDIA, INC.,** | ) | **Judge Thomas A. Wiseman, Jr.** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Before the Court is the Motion to Dismiss (Doc. No. 13) filed by Defendant Cumulus Media, Inc., seeking dismissal of Plaintiff Juan Pont Lezica's copyright claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject-matter jurisdiction. As set forth below, the Court agrees that this case must be dismissed for lack of subject-matter jurisdiction, and in that regard adopts the reasoning of Judge Trauger in her recent opinion addressing the same issue as that presented here. *Specific Software Solutions, LLC v. Inst. of Workcomp Advisors, LLC*, 615 F. Supp. 2d 708, 716 (M.D. Tenn. 2009) (Trauger, J.).

### I.      FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations in the Complaint, plaintiff Juan Pont Lezica is a professional photographer residing in Davidson County, Tennessee. On April 1, 2009, he applied to the Register of Copyright for a Certificate of Copyright for two photographic images (the "photographs") that were taken in 2007, but there is no indication in the complaint that the Copyright Office has taken any action on those applications. Lezica is the sole proprietor of all right, title and interest in and to the copyrights of the two photographs. Cumulus Media owns and operates a radio station in Tennessee.

Lezica alleges that Cumulus Media has been using the photographs, without permission, as a banner on its website and on advertisements for its radio station. Lezica first contacted Cumulus Media in June 13, 2007 to demand that Cumulus compensate him for the unauthorized use of his photographs, and that it cease and desist from using the copyrighted images. Cumulus initially agreed to stop using

the photographs, but Lezica witnessed another unauthorized use of one of his photographs in an advertisement for the radio station in November 2008.

Lezica filed suit on September 30, 2009, asserting that the above-referenced use by Cumulus Media of his copyrighted photographs for advertising purposes, without permission, constitutes willful and deliberate copyright violation in violation of federal law, for which he seeks damages, attorneys' fees, and an injunction prohibiting the defendant from engaging in any further acts of infringement. The complaint also purports to state a claim for misappropriation in violation of Tennessee law.

Cumulus Media has now filed its motion to dismiss under Rule 12(b)(1), asserting that because Lezica alleges only that he has filed *applications* for copyright registration, but does not allege that his copyrights in the two photographs at issue are actually *registered*, this Court lacks jurisdiction over his claims.

## II.        STANDARD OF REVIEW

The "first and fundamental question presented by every case brought to the federal courts is whether [they have] jurisdiction to hear a case." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606–07 (6th Cir. 1998), *abrogated on unrelated grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). The question of subject-matter jurisdiction is non-waivable. Indeed, if a federal district court at any time determines that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

When, as here, a defendant brings a motion under Rule 12(b)(1) challenging the court's subject-matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *DXL, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Motions to dismiss for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the complaint; in considering the motion the court must take the material allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). In the present case, Cumulus Media's motion does not dispute the factual allegations in the complaint; rather, it mounts a "facial" attack based on Lezica's failure to allege that the United States Copyright Office has actually "registered" the copyrights at issue, despite his statement in the complaint that he has filed an

application for copyright registration.[1]  The issue presented is purely a legal one:  whether the plaintiff's having filed an application for registration is sufficient to confer subject-matter jurisdiction over his copyright action in this Court.

## III.  DISCUSSION

The United States Copyright Act states, in pertinent part, that "no civil action for infringement of copyright in any United States work shall be instituted . . . until preregistration[2] or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a); *Marie Hill Publ'n v. ABC Commc'ns, Inc.*, 264 F.3d 622, 630 (6th Cir. 2001) ("[R]egistration is a prerequisite to filing a copyright infringement suit.").  The question, then, is what constitutes "registration" for purposes of § 411(a).[3]  Cumulus argues that registration requires that the Copyright Office actually review and either grant or reject an application for registration, and that, because Lezica admittedly has only applied for registration but not obtained actual registration, his claim must be dismissed.  Lezica argues that once a party has taken the requisite steps to obtain registration of his claim by delivering to the Copyright Office the application, fee, and deposit (the material to be copyrighted), then "registration 'in accordance with [the Copyright Act] has been accomplished."  (Pl.'s Response to Mot. Dismiss, Doc. No. 16, at 2 (quoting 17 U.S.C. § 511).)

Recently, in *Specific Software Solutions, LLC v. Institute of Workcomp Advisors, LLC*, 615 F. Supp. 2d 708 (M.D. Tenn. 2009), Judge Trauger addressed this identical issue in a very thorough and well reasoned opinion.  After acknowledging that the Sixth Circuit has not addressed the question and that there is a split of opinion among the Circuit Courts that have, Judge Trauger held, based on straight-forward statutory interpretation, that "the jurisdictional prerequisite of registration does not occur until after the Copyright Office has passed (one way or another) on the copyrightability of the material at issue."  *Id.*

---

[1]  Although Cumulus further alleges in its Memorandum that its attorneys have performed a search of the copyright website and "confirmed" that no copyrights on the photographs in question have been registered, it has not presented the results of that search in admissible form.

[2] The term "preregistration" refers specifically to anticipatory registration of works that are being prepared for commercial distribution but have not yet been published.  *See generally* 17 U.S.C. § 408(f).  Neither party argues that the term preregistration has any bearing on the issue presented here.

[3] The Copyright Act, rather circularly, purports to "define" registration for purposes of section 411 as "a registration of a claim in the original or the renewed or extended term of copyright."  17 U.S.C. § 101.

at 712; *see* 17 U.S.C. § 410(a) ("When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register *shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office*." (emphasis added)); *id.* § 410(b) ("In any case in which the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited does not constitute copyrightable subject matter or that the claim is invalid for any other reason, *the Register shall refuse registration* and shall notify the applicant in writing of the reasons for such refusal." (emphasis added)); *id.* § 411(a) ("[W]here the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.").

Based on Judge Trauger's persuasive reasoning, this Court declines Lezica's invitation to adopt the "broad view" that registration is complete (and the courts have jurisdiction) once the application, fee, and deposit are submitted to the Copyright Office, despite the existence of sound policy reasons for doing so. As Judge Trauger further observed in responding to an identical argument in *Specific Software*:

> [I]t is the role of the courts to interpret a statute to give effect to each clause, sentence, and word so that none is rendered superfluous or surplusage. To read the statute to mean that registration occurs when the applicant files his materials would be to misread and render superfluous numerous provisions of the Copyright Act, perhaps most notably Section 411(a), which provides the procedure for how a lawsuit may still be filed even if registration is refused by the Copyright Office.
>
> Plainly, Congress intended a scheme in which, before an entity could sue on a claim of copyright infringement, the Copyright Office would be entitled to pass, in an essentially non-binding manner, on the vitality of the copyright. Obviously such a system will cause some inevitable delays in litigation, but Congress apparently felt those delays were worth the benefit of the Copyright Office having an initial chance to pass judgment.

615 F. Supp. 2d at 716 (internal citations, quotation marks and footnotes omitted).

In sum, where the court is called upon to interpret the language of a statute, and that language is clear, as it is here, it is simply the role of the courts to enforce that language. *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 246–47 (6th Cir. 2004). Because Lezica's complaint does not allege that his copyrights have been "registered" as that term is used in the Copyright Act, this Court does not have jurisdiction over the copyright infringement claim related to those copyrights. Lacking original jurisdiction over that claim, the Court also lacks jurisdiction over the supplemental state law claim for

misappropriation, without consideration of the issue of whether that claim would be preempted by the Copyright Act.

The motion to dismiss will therefore be granted and Lezica's claims dismissed without prejudice. An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge